Ricky LADEN *v.* Sandra MORGAN

90-130                                        798 S.W.2d 678

Supreme Court of Arkansas
Opinion delivered November 12, 1990

*Jim Dunlap*, for appellant.

*John C. Wisner III*, for appellee.

Tom Glaze, Justice. This is a paternity case in which appellant claims the trial court erred in relying on an inadmissible paternity evaluation report when finding him the father of appellee's child. The trial court's paternity order was entered on December 14, 1989, or more than six months prior to our decision in *Boyles* v. *Clements*, 302 Ark. 575, 792 S.W.2d 311 (1990). There we reversed and remanded a paternity case finding that the trial court erred in allowing Clements to introduce a paternity blood test report, showing that Boyles was the father of Clements' child, when that report failed to comply with the foundational requirements provided in Ark. Code Ann. § 9-10-108 (Supp. 1989). Those requirements under § 9-10-108 require that report to be in affidavit form and have a proper jurat, to reflect the person who performed or supervised the test and to give the qualifications of that person.

Here, appellee concedes that the trial court, in admitting appellee's blood test report, committed the same errors as those described in *Boyles*, and requests that this matter be reversed and remanded to permit the trial judge to reconsider the evidence, as was done in *Boyles*. We pointed out in *Boyles* that it was not clear

on what basis the trial court made its judgment, finding Boyles to be the father of Clements' child, since the court admitted and considered a paternity report that we held was inadmissible. In finding Boyles the father, the trial judge's order stated that he was relying on "the testimony, evidence submitted herein, and for other reasons." No mention of the paternity report was included in the court's findings. For these reasons and because the credibility of the witnesses was a critical factor in determining the paternity issue, we remanded the case for further proceedings since the chancellor was in a superior position to decide the matter.

The same situation exists here as existed in *Boyles*. The trial court's judgment reflects the judge entered his paternity order against appellant based on the "testimony, evidence submitted and for other reasons." Accordingly, we remand this cause for further proceedings consistent with this opinion rather than to make an attempt to decide this case on *de novo* review.